# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-20-FDW

| | |
|---|---|
| TERRANCE L. JAMES-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| N.C. DEP'T OF PUBLIC SAFETY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on two motions filed by Plaintiff: "Motion for an Emergency Injunction," (Doc. No. 6), and "Motion for an Emergency Injunction and Motion for Temporary Restraining Order," (Doc. No. 7).

## I.  BACKGROUND

Pro se Plaintiff Terrance L. James-Bey, a North Carolina inmate at Marion Correctional Institution, filed this action on January 22, 2019, pursuant to 42 U.S.C. § 1983, naming thirteen Defendants. (Doc. No. 1). In the original Complaint, Plaintiff, who identifies himself as a "free born Moor," alleges that he has been assigned to Marion's Rehabilitative Diversion Unit and that Marion officials have confiscated both his personal property (including religious property) and legal papers in retaliation for Plaintiff's complaints against Defendants related to their alleged mistreatment of him based on his religion.[1] He filed the pending motions on February 14 and

---

[1] The RDU program at Marion "was created as part of NCDPS's recent policy reforms regarding restrictive housing in the North Carolina prisons." Covington v. Lassiter, No. 1:16cv387, 2017 WL 3840280, at *5 (W.D.N.C. Sept. 1, 2017). A full description and discussion of the RDU program at Marion can be found in Covington v. Lassiter, and this Court takes judicial notice of the Court's description of the RDU program in that action.

February 15 of 2019, seeking an order from the Court requiring Marion officials to immediately return Plaintiff's property to him.[2]

## II. DISCUSSION

A preliminary injunction is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds by 130 S. Ct. 2371 (2010).

Reviewing Plaintiff's motions based on the above factors, Plaintiff is not entitled to a temporary restraining order or an emergency preliminary injunction. To the extent Plaintiff seeks return of personal property, a claim based on the deprivation of his personal property is not actionable under § 1983 unless there is no adequate post-deprivation remedy available. See

---

[2] On February 11, 2019, the Clerk of this Court entered an order for Plaintiff's prison trust account statement. (Doc. No. 5). The Court has not yet received the statement, so the Court has not ruled on Plaintiff's IFP application. When the Court rules on the IFP application, the Court will then conduct a frivolity screening of Plaintiff's action.

Parratt v. Taylor, 451 U.S. 527, 542 (1981), overruled on other grounds by 474 U.S. 327 (1986); Harris v. McMullen, 609 Fed. Appx. 704, 705 (3d Cir. 2015) (unpublished). Because North Carolina provides an adequate remedy by filing a common law claim for conversion of property, Plaintiff has failed to demonstrate the likelihood of success on the merits and, therefore, injunctive relief is not appropriate.

As to Plaintiff's legal documents, prisoners must be allowed "adequate, effective and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). "Many courts have found a cause of action for violation of the right of access stated where it was alleged that prison officials confiscated and/or destroyed legal materials." Zilich v. Lucht, 981 F.2d 694, 695 (3d Cir. 1992) (citations omitted). However, for a denial of the right of access to the courts, Plaintiff must show that he was actually injured by such interference. Lewis v. Casey, 518 U.S. 343, 349 (1996). Plaintiff has made no such showing.[3] In sum, Plaintiff has failed to demonstrate the likelihood of success on the merits and, therefore, injunctive relief is not appropriate.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's motions for a temporary restraining order and preliminary emergency injunction are denied.

**IT IS, THEREFORE, ORDERED** that:

---

[3] Plaintiff complains, in a pending petition for writ of mandamus in the Fourth Circuit Court of Appeals, that some of the named Defendants have confiscated legal papers related to a habeas action filed by Plaintiff and currently pending in this Court. See (Doc. No. 8). That action, however, was stayed for legitimate reasons. Although Petitioner has filed a pro se motion to lift the stay in that action, it appears that he is represented by North Carolina Prisoner Legal Services, and counsel has not filed a motion on his behalf to lift the stay. See (Civil No. 3:13cv386, (W.D.N.C.)).

Plaintiff's "Motion for an Emergency Injunction," (Doc. No. 6), and "Motion for an Emergency Injunction and Motion for Temporary Restraining Order," (Doc. No. 7), are denied.

Signed: March 4, 2019

Frank D. Whitney
Chief United States District Judge