**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00020-FDW**

| | | |
|---|---|---|
| TERRANCE L. JAMES-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| N.C. DEP'T OF PUBLIC SAFETY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's "Declaration of Facts" Complaint [Doc. 1], Amended Complaint [Doc. 13], second Amended Complaint [Doc. 15], and third Amended Complaint [Doc. 17] under 42 U.S.C. § 1983. See 28 U.S.C. § 1915(e)(2). Plaintiff has been granted in forma pauperis status. [Doc. 12].

**I.    BACKGROUND**

Pro se Plaintiff Terrance L. James-Bey, a North Carolina inmate at Marion Correctional Institution, filed this action on January 22, 2019, pursuant to 42 U.S.C. § 1983, naming thirteen Defendants. [Doc. 1]. In the original Complaint, Plaintiff, who identifies himself as a "free born Moor," alleges that Defendants are "illegally and unlawfully detaining" his "natural person as a 'Black Political Hostage,'" that he has been assigned to Marion's Rehabilitative Diversion Unit as an act of religious persecution, and that Marion officials have confiscated both his personal property (including religious property) and legal papers in retaliation for Plaintiff's complaints against Defendants related to their alleged mistreatment of him based on his religion.[1]  [Id. at 3].

---

[1] The RDU program at Marion "was created as part of NCDPS's recent policy reforms regarding restrictive housing in the North Carolina prisons." Covington v. Lassiter, No. 1:16cv387, 2017 WL 3840280, at *5 (W.D.N.C. Sept. 1, 2017). A full description and discussion of the RDU

Plaintiff does not allege any particular conduct by any of the thirteen Defendants he has named. [See id.]. Plaintiff seeks $1,072,000.00 in damages. [Id. at 4].

Plaintiff has recently filed three amended complaints in this matter – one on April 29, 2019; one on May 13, 2019; and one on May 22, 2019. [Docs. 13, 15, 17].

## II. STANDARD OF REVIEW

The Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

---

program at Marion can be found in Covington v. Lassiter, and this Court takes judicial notice of the Court's description of the RDU program in that action.

**III.     DISCUSSION**

In its initial review, the Court finds that Plaintiff's original Complaint and subsequent attempted amendments suffer from many deficiencies. Plaintiff must therefore amend his Complaint, or this action will be subject to dismissal without prejudice and without further notice to Plaintiff. For instance, to the extent that Plaintiff has named various supervisors at the prisons where he has been incarcerated or otherwise solely based on their supervisory positions, these Defendants are subject to dismissal. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply). In his amended complaint, Plaintiff must allege how each individual Defendant personally participated in the alleged violations of constitutional rights.

Additionally, Plaintiff is placed on notice that he may not bring unrelated claims against unrelated parties in a single action. See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," so as to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). Plaintiff may only bring a claim against multiple defendants as long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2). Here, in his third Amended Complaint [Doc. 17], Plaintiff purports to name an additional Defendant, Sergeant Nichols, claiming mail fraud and tampering with U.S. postage. [Id. at 3]. It does not appear, however, that Plaintiff's claim against Sergeant Nichols is related to the occurrences that are the subject of Plaintiff's original Complaints. If this is the case, Sergeant Nichols is not properly included as a Defendant in this matter. See Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017) ("Plaintiff may not pursue

allegations against multiple parties involving multiple claims in this action. For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants. These differing claims do not arise out of the same transaction or occurrence and do not share common questions of law or fact.").

To the extent Plaintiff seeks to bring a Section 1983 claim against the N.C. Department of Public Safety (NCDPS), Plaintiff is advised that neither the State of North Carolina nor its agencies constitute "persons" subject to suit under Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Furthermore, the Eleventh Amendment bars Plaintiff's suit for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).

Furthermore, to the extent Plaintiff argues he is a "hostage" being held "illegally and unlawfully" by virtue of his status as a "free born Moor," this claim is frivolous in any event and should not be raised in any refiled complaint. The path of the Moorish National Movement is well-trodden. Courts have repeatedly rejected these types of arguments by individuals who claim to be a part of this movement. Hampton v. City of Durham, No. 1:10-cv-706, 2010 WL 3785538, at *2-3 (M.D.N.C. Sept. 22, 2010) (unpublished) (collecting cases).

To the extent Plaintiff seeks return of personal property, a claim based on the deprivation of his personal property is not actionable under § 1983 unless there is no adequate post-deprivation remedy available. See Parratt v. Taylor, 451 U.S. 527, 542 (1981), overruled on other grounds by 474 U.S. 327 (1986); Harris v. McMullen, 609 Fed. Appx. 704, 705 (3d Cir. 2015) (unpublished). Because North Carolina provides an adequate remedy by filing a common law claim for conversion of property, this claim should not be raised in any refiled complaint.

4

Further, the Court is constrained to strike Plaintiff's three Amended Complaints. [Docs. 13, 15, 17]. An amended complaint must be complete in and of itself. This is because the amended complaint will supersede the original complaint, meaning the original complaint will no longer have any force. In other words, Plaintiff may not amend the complaint "piecemeal"—he simply cannot add on to what he has already alleged in the complaint. If the Court were to allow Plaintiff's amended complaints to proceed, only his third Amended Complaint [Doc. 17] would survive, which would nullify Plaintiff's original Complaint and his first two Amended Complaints. To this end, the Court will instruct the Clerk to mail Plaintiff a new Section 1983 form for Plaintiff to submit an amended complaint, if he so wishes.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to amend his complaint in accordance with this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days in which to amend the complaint, particularizing his claims and providing facts to support his legal claims against each Defendant and identifying individual Defendants subject to suit. If Plaintiff fails to amend the complaint within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff. Furthermore, to the extent that an amended complaint purports to bring claims against multiple defendants that are wholly unrelated, the amended complaint will be subject to dismissal without further notice to Plaintiff for the reasons explained in this order.
2. Plaintiff's first, second, and third Amended Complaints [Docs. 13, 15, 17] are stricken.
3. The Clerk is respectfully instructed to mail Plaintiff a new Section 1983 form for

Plaintiff to submit an amended complaint, if he so wishes.

**IT IS SO ORDERED.**

Signed: May 28, 2019

Frank D. Whitney
Chief United States District Judge