# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-00020-FDW

| | |
|---|---|
| TERRANCE L. JAMES-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| N.C. DEP'T OF PUBLIC SAFETY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's "Appeal and Resubmission of Supplemental Complaint and Emergency Injunction; Order to Recuse." [Doc. 26].

Plaintiff previously filed a letter with the Court that was written by another inmate, Xavius Mebane, on Plaintiff's behalf. [See Doc. 23 at 2]. In the letter, Mr. Mebane recounts various incidents related to a hunger strike Plaintiff has undertaken in protest of various alleged occurrences at Marion Correctional Facility. On Plaintiff's behalf, Mr. Mebane sought to add three Defendants to Plaintiff's pending lawsuit related to the conduct alleged in the letter, an "emergency injunction for immediate transfer," and "a protective order against all Marion C.I. staff and their involvement with [Plaintiff]." [Id. at 2].

The Court advised Plaintiff that attempting to represent the legal interests of anyone other than oneself, unless licensed to practice in the State of North Carolina or admitted elsewhere and specifically admitted, constitutes the unauthorized practice of law, which is a criminal offense in the State of North Carolina. See N.C. Gen. Stat. § 84-4, 84-8. Plaintiff was further advised that he must file his own motions, signed solely by him. The Court also noted that even if Plaintiff had signed and filed the letter before the Court, he would not be entitled to the relief sought therein.

First, Plaintiff cannot lump these three new Defendants into his existing case based on the conduct described in the letter. Second, Plaintiff has not stated adequate grounds for the injunctive relief that he seeks in the form of an "immediate transfer" or a "protective order against all Marion C.I. staff." [Doc. 24 at 2-3].

Plaintiff now seeks to "reassert and incorporate all averments in [the letter], herein, and request the demanded relief be provided immediately." [Doc. 26 at 1]. Specifically, Plaintiff demands to add the three Defendants referenced in the letter and "a protective order against all Marion C.I. staff and their involvement with [Plaintiff]." Plaintiff also demands recusal of the undersigned for "collusion and incompetence." [Doc. 26 at 3-4].

As for Plaintiff's demand to add the three Defendants referenced in his letter, that request is denied. Plaintiff cannot add these three new Defendants into his existing case based on the conduct described in the letter. As previously noted by the Court, the conduct of which he complains is not related to the transaction or occurrence or series of transactions or occurrences that form the basis of Plaintiff's Complaint. See Fed. R. Civ. P. 20(a)(2).

As for Plaintiff's renewed request for injunctive relief, that request will also be denied. Plaintiff has requested and been denied injunctive relief previously in this case. [Docs. 6, 7, 9]. A preliminary injunction is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of

injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds by 130 S. Ct. 2371 (2010).

Reviewing Plaintiff's motion based on the above factors, Plaintiff is not entitled to an emergency preliminary injunction. Plaintiff has failed to demonstrate the likelihood of success on the merits and, therefore, injunctive relief is not appropriate.

Finally, Plaintiff's demand for the recusal of the undersigned is wholly without merit. Plaintiff contends that the undersigned "sought to protect [Defendant]'s actions at every opportunity, which is why [the undersigned] is a named Defendant" and "shall" be recused for "collusion and incompetence." [Doc. 26 at 1-2]. These allegations are baseless. Further, the undersigned is not a named Defendant in these proceedings. Plaintiff's motion to recuse the undersigned will be denied.

**IT IS, THEREFORE, ORDERED** that:

Plaintiff's motion [Doc. 26] is **DENIED**.

Signed: July 26, 2019

_____
Frank D. Whitney
Chief United States District Judge