UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00020-FDW

| TERRANCE L. JAMES-BEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| KENNETH LASSITER, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Emergency Injunction" [Doc. 59], which will be construed by the Court as a motion for preliminary injunction, and on the Court's on motion on review of the docket in this matter.

**I.  BACKGROUND**

Pro se Plaintiff Terrance L. James-Bey, a North Carolina inmate currently incarcerated at Marion Correctional Institution, filed this action on January 22, 2019, pursuant to 42 U.S.C. § 1983, naming thirteen Defendants. [Doc. 1]. In the original Complaint, Plaintiff, who identifies himself as a "free born Moor," alleged that he was assigned to Marion's Rehabilitative Diversion Unit (RDU) and that Marion officials confiscated both his personal property (including religious property) and legal papers in retaliation for Plaintiff's complaints against Defendants related to their alleged mistreatment of him based on his religion. On initial review of Plaintiff's Complaint, the Court ordered Plaintiff to amend his Complaint to save it from dismissal. [Doc. 18]. Plaintiff's Amended Complaint survived initial review as to the claim Plaintiff brought against Defendants Lassiter, Corpening, Hamilton, Barker, and Bond regarding the conduct of disciplinary hearings. The remaining Defendants and claims were dismissed. [Id.]. Plaintiff has brought several previous

motions for emergency injunctive relief, all of which have been denied. [Docs. 6, 7, 9, 23, 24, 26, 27].

Since March 2, 2020, Plaintiff has refused three different pieces of mail sent by the Court to Plaintiff. [See Docs. 55, 56, 58]. Now, Plaintiff moves the Court for an order prohibiting "Defendant -- Jeffrey Nichols and Sgt. Gregory" from further interfering with Plaintiff's outgoing legal mail. [Doc. 59]. Plaintiff alleges that he currently has "a pile of mail blocked and stopped by Defendants from reaching the Court." [Id.]. Plaintiff claims that the instant motion is the third notice he has sent to the Court related to this issue, and he prays that the Court receives this motion "due to a staff shortage resulting from the COVID-19 panic." [Id.].

## II.    DISCUSSION

A preliminary injunction is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds by 130 S. Ct. 2371 (2010).

Here, Plaintiff seeks an order preventing "Jeffrey Nichols and Sgt. Gregory" from

continuing to interfere in Plaintiff's outgoing legal mail. Jeffrey Nichols is no longer a Defendant in this matter. He was terminated on October 15, 2019, on the Court's initial review of Plaintiff's Amended Complaint. Sergeant Gregory was never a party to these proceedings. As such, the Court cannot order them to cease interfering with Plaintiff's legal mail in these proceedings, even if Plaintiff had established he was entitled to injunctive relief.

The Court, however, cautions officials at Marion Correctional Institution that systematic interference with the transmission of legal mail is, itself, grounds for an action under § 1983 for violation of the First Amendment to the U.S. Constitution. Furthermore, the failure to transmit Plaintiff's legal mail, if factual, tends to show that officials at Marion seek to thwart Plaintiff's efforts to redress the alleged wrongs. The Warden and his staff are, therefore, advised to ensure that Plaintiff's legal mail is transmitted in accordance with prison and North Carolina Department of Public Safety policies.

Plaintiff too is cautioned because refusing mail from this Court may constitute a failure to prosecute this case. Plaintiff cannot maintain this action if he continues to refuse mail from this Court, as the entire judicial process will be impaired if Plaintiff is unaware of the Court's rulings, any notifications Plaintiff may be sent, and/or any case deadlines or other case requirements.[1] The Court will direct the Clerk to send Plaintiff a copy of the docket sheet in this matter so that Plaintiff can ensure that he has all documents that have been filed in this case.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's motion for preliminary injunction will be denied.

---

[1] Given Plaintiff's instant motion, the Court questions whether Plaintiff has refused mail from this Court or whether mail from this Court is being withheld from Plaintiff. The Court makes no assumptions in this regard but is concerned regarding the true state of affairs regarding Plaintiff's mail at Marion and hopes no further action is required to remediate this issue.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's motion for preliminary injunction [Doc. 59] is **DENIED**.

2. The Clerk is instructed to send a copy of this Order to the Warden at Marion Correctional Institution in Marion, North Carolina.

3. The Clerk is further instructed to send a copy of the docket sheet in this matter to the Plaintiff.

**IT IS SO ORDERED.**

Signed: April 2, 2020

Frank D. Whitney
Chief United States District Judge