UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00020-FDW

| | |
|---|---|
| TERRANCE L. JAMES-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| KENNETH LASSITER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on its own motion on Plaintiff's failure to respond to the Court's Order for Plaintiff to notify the Court if he intends to prosecute this action [Doc. 63].

Pro se Plaintiff Terrance L. James-Bey, a North Carolina inmate currently incarcerated at Marion Correctional Institution, filed this action on January 22, 2019, pursuant to 42 U.S.C. § 1983, naming thirteen Defendants. [Doc. 1]. In the original Complaint, Plaintiff, who identifies himself as a "free born Moor," alleged that he was assigned to Marion's Rehabilitative Diversion Unit (RDU) and that Marion officials confiscated both his personal property (including religious property) and legal papers in retaliation for Plaintiff's complaints against Defendants related to their alleged mistreatment of him based on his religion. On initial review of

Plaintiff's Complaint, the Court ordered Plaintiff to amend his Complaint to save it from dismissal. [Doc. 18]. Plaintiff's Amended Complaint survived initial review as to the claim Plaintiff brought against Defendants Lassiter, Corpening, Hamilton, Barker, and Bond regarding the conduct of disciplinary hearings. The remaining Defendants and claims were dismissed. [Id.]. Plaintiff has brought several motions for emergency injunctive relief, all of which have been denied. [Docs. 6, 7, 9, 23, 24, 26, 27].

As of March 2, 2020, Plaintiff had refused four different pieces of mail sent by the Court to Plaintiff. [See Docs. 55, 56, 58, 61]. Recently, Plaintiff moved the Court for an order prohibiting "Defendant -- Jeffrey Nichols and Sgt. Gregory" from further interfering with Plaintiff's outgoing legal mail. [Doc. 59]. That motion was denied for the reasons stated in the Court's Order. [Doc. 60]. In its Order, the Court cautioned Plaintiff that refusing mail from this Court may constitute a failure to prosecute his case. [Id. at 3]. The Clerk mailed Plaintiff a copy of this Order, together with a copy of the docket in this matter, to Plaintiff. Plaintiff again refused to receive these documents by mail, and they were returned as undeliverable. [See Doc. 61].

Then, on Defendants' motion, the Court ordered that Plaintiff had fourteen (14) days from April 29, 2020, to advise the Court whether he

2

intends to prosecute this action.[1] [Doc. 63]. The Court also ordered that, "should Plaintiff fail to timely so advise the Court, this action will be dismissed without prejudice and without further notice to Plaintiff." [Id.]. Plaintiff has again refused to receive the mail enclosing this Order and has not responded to the Court's Order. [See Doc. 64].

The Court will, therefore, dismiss this action without prejudice for Plaintiff's failure to prosecute.

## ORDER

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to prosecute.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: May 22, 2020

Martin Reidinger
United States District Judge

---

[1] The Court also cautioned Plaintiff that any future refusal of mail by Plaintiff may result in dismissal of this action without prejudice and without notice to Plaintiff. [Doc. 63 at 3].