UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00020-MR

| | |
|---|---|
| TERRANCE L. JAMES-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| KENNETH LASSITER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Emergency Writ of Prohibition and Injunction" [Doc. 73] and Plaintiff's "Amended Writ of Prohibition" [Doc. 74].

This matter, which Plaintiff brought pursuant to 42 U.S.C. § 1983 based on Defendants' conduct of disciplinary proceedings against Plaintiff, was dismissed without prejudice on May 26, 2020 for Plaintiff's failure to prosecute. [Doc. 66]. Plaintiff now moves in this terminated proceeding for an "Emergency Writ of Prohibition and Injunction" prohibiting and enjoining certain conduct by correctional officers relative to managing the Covid-19 pandemic at Plaintiff's correctional facility. [See id.]. Plaintiff also claims that Defendants were deliberately indifferent to Plaintiff's health and well-being by housing him with Covid-19 positive inmates when Plaintiff refused daily

temperature checks. [Id. at 3-4]. Plaintiff has also since filed an "Amended Writ of Prohibition," which the Court will construe as a motion, in which he seeks an order of the Court enjoining Defendants from "using a forced medical program to keep prisoners on lock up." [Doc. 74]. Plaintiff claims Defendants "emboldened by this Court's tacit approval – are now starting [Plaintiff] over again within [the RDU program] against [Plaintiff's] will." [Id.].

Plaintiff's motions will be denied for several reasons. First, this case has been terminated. Filing motions wholly unrelated to the matter at issue in a terminated proceeding is improper and ineffectual. Second, Plaintiff has not demonstrated any right to the relief requested, in any event. "A writ of prohibition is a drastic remedy which should be granted only when the petitioner's right to the requested relief is undisputable." In re Whitehead, 3 Fed. App'x 189, 189 (4th Cir. 2001) (citations omitted). "A writ of prohibition should be granted only when the petitioner has no other adequate means of relief … and may not be used as a substitute for the normal appellate process." Id. (internal citation omitted). Petitioner's right to relief here is by no means indisputable. Third, to the extent Plaintiff intends to assert a claim under the Eighth Amendment based on deliberate indifference, he must do so in a separate proceeding.

2

Case 1:19-cv-00020-MR   Document 75   Filed 02/10/21   Page 2 of 3

**ORDER**

**IT IS THEREFORE ORDERED** that Plaintiff's "Emergency Writ of Prohibition and Injunction" [Doc. 73] and Plaintiff's "Amended Writ of Prohibition" [Doc. 74] are hereby **DENIED**.

**IT IS SO ORDERED**.

Signed: February 10, 2021

Martin Reidinger
Chief United States District Judge