```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
         ASHEVILLE DIVISION
           1:19-cv-00020-FDW
```

| | |
|---|---|
| TERRANCE L. JAMES-BEY,       ) | |
|          Plaintiff,       ) | |
| vs.       ) | **ORDER** |
| KENNETH LASSITER, et al.,       ) | |
|          Defendants.       ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion For Reconsideration And Reinstatement" [Doc. 76] and Plaintiff's letters to the undersigned [Docs. 77, 78].

## I.   BACKGROUND

Pro se Plaintiff Terrance L. James-Bey, a North Carolina inmate currently incarcerated at Marion Correctional Institution, filed this action on January 22, 2019, pursuant to 42 U.S.C. § 1983, naming thirteen Defendants. [Doc. 1]. In the original Complaint, Plaintiff, who identifies himself as a "free born Moor," alleged that he was assigned to Marion's Rehabilitative Diversion Unit (RDU) and that Marion officials confiscated both his personal property (including religious property) and legal papers in retaliation for Plaintiff's complaints against Defendants related to their

alleged mistreatment of him based on his religion. On initial review of Plaintiff's Complaint, the Court ordered Plaintiff to amend his Complaint to save it from dismissal. [Doc. 18]. Plaintiff's Amended Complaint survived initial review as to the claim Plaintiff brought against Defendants Lassiter, Corpening, Hamilton, Barker, and Bond regarding the conduct of disciplinary hearings. The remaining Defendants and claims were dismissed. [Id.]. Plaintiff has brought several motions for emergency injunctive relief, all of which have been denied. [Docs. 6, 7, 9, 23, 24, 26, 27].

As of March 2, 2020, Plaintiff had refused four different pieces of mail sent by the Court to Plaintiff. [See Docs. 55, 56, 58, 61]. On March 16, 2020, the Court entered its Pretrial Order and Case Management Plan, which set the discovery completion deadline as July 9, 2020 and the dispositive motions deadline as August 8, 2020. [Doc. 57]. On March 26, 2020, Plaintiff moved the Court for an order prohibiting "Defendant -- Jeffrey Nichols and Sgt. Gregory" from further interfering with Plaintiff's outgoing legal mail. [Doc. 59]. That motion was denied for the reasons stated in the Court's Order. [Doc. 60]. In its Order, the Court cautioned Plaintiff that refusing mail from this Court may constitute a failure to prosecute his case. [Id. at 3]. The Clerk mailed Plaintiff a copy of this Order, together with a copy of the docket in this matter, to Plaintiff. Plaintiff again refused to receive these documents

by mail, and they were returned as undeliverable. [See Doc. 61].

Then, on Defendants' motion, the Court ordered that Plaintiff had fourteen (14) days from April 29, 2020, to advise the Court whether he intends to prosecute this action.[1] [Doc. 63]. The Court also ordered that, "should Plaintiff fail to timely so advise the Court, this action will be dismissed without prejudice and without further notice to Plaintiff." [Id.]. Plaintiff again refused to receive the mail enclosing this Order and did not respond to the Court's Order. [See Doc. 64]. On May 26, 2020, the Court, therefore, dismissed Plaintiff's action without prejudice for Plaintiff's failure to prosecute. [Doc. 66]. Thereafter, the Court denied Plaintiff's motion for counsel and Plaintiff's "Emergency Writ of Prohibition and Injunction." [Docs. 71, 72, 73, 74, 75]. Neither of these filings by Plaintiff reflected his awareness that this action had been dismissed. [See Doc. 70, 73]. It appears that the instant motion followed from Plaintiff's receipt of the Court's Order denying Plaintiff's motion for counsel, which again advised Plaintiff that this action had been dismissed. [See 1/25/2021 Docket Entry; Doc. 72].

Plaintiff now moves the Court to reconsider its Order dismissing Plaintiff's case and to reinstate the action. [Doc. 76]. As grounds, Plaintiff

---

[1] The Court also cautioned Plaintiff that any future refusal of mail by Plaintiff may result in dismissal of this action without prejudice and without notice to Plaintiff. [Doc. 63 at 3].

3

states that he has not received "any communications or notice" from this Court in over nine months and that he has "CONTINUOUSLY notified this Court of Defendants [*sic*] interference, tampering and destruction of [his] legal mail." [Id. at 1]. Plaintiff states that he has never abandoned this case and "[has] even sought to bring this matter to a speedy resolution, which this Court denied." [Id. at 2]. Plaintiff further states that "only after [he] was moved to a different Unit [has he] received any legal mail; and that, only in reply to further complaints of abuse." [Id. at 3]. Plaintiff requests, "[t]herefore, due to the atypical circumstances and history of complaints of Defendants [*sic*] violation of [his] legal mail, shall this Court reinstate this matter for continued prosecution." [Id.]. Plaintiff has also filed two letters directed to the undersigned since filing the pending motion. [Docs. 77, 78].

## II. DISCUSSION

As to motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule

4

59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Here, there has been no change in controlling law, no new evidence, and no clear error of law. The Court, however, considers whether, based on Plaintiff's assertions, a manifest injustice would result if Plaintiff's action were not reopened. The docket in this matter reflects that on at least seven (7) occasions between March 2, 2020 and June 4, 2020, Plaintiff's mail from the Court was returned as undeliverable with notations that the mail was refused by Plaintiff. [See 3/2/2020, 3/11/2020, 3/25/2020, 4/10/2020, 5/7/2020, 5/18/2020, and 6/4/2020 Docket Entries]. If Plaintiff's claims are true and Plaintiff was not given his mail during this time, Plaintiff would not have received the Court's show cause Order requiring Plaintiff to advise whether he intends to prosecute this action [see Doc. 63] and would not have received the Court's subsequent Order dismissing his case for failure to

prosecute [see Doc. 66]. Out of an abundance of caution and given Plaintiff's previous claims that his legal mail has been withheld and/or tampered with [see Docs. 22, 23], the Court will grant Plaintiff's motion to reconsider and to reopen his case to prevent manifest injustice. To avoid future mishaps or malfeasance relative to Plaintiff's legal mail, the Court will order that a copy of this Order be provided to the Warden at Marion Correctional Institution. In this regard, the Court will also order the Warden to ensure that Plaintiff receives all legal mail from this Court moving forward to avoid any additional inefficiencies in resolving this case.

The Court will strike Plaintiff's recent letters to the undersigned. [Docs. 77, 78]. Any document Plaintiff files with the Court should not be directed to the Judge assigned to his case. Further, should the Plaintiff seek relief from the Court, he must file a proper motion with the Court. Filing a letter directed to the undersigned is wholly inappropriate and also ineffectual in achieving any relief. <u>Should Plaintiff file documents in this case directed to the undersigned in the future, they may be summarily dismissed and/or stricken</u>.

The Court will set the discovery completion and dispositive motions deadlines as May 1, 2021 and June 1, 2021, respectively, and advises the parties that extension of these deadlines will be disfavored given the age of this case.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to reopen this action will be granted and Plaintiff's recent letters to the undersigned will be stricken from the record in this matter. The discovery and dispositive motions deadlines are set in accordance with this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 76] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's letters [Docs. 77, 78] are hereby **STRICKEN** from the record in this matter.

**IT IS FURTHER ORDERED** that the deadline to complete discovery in this case is May 3, 2021, and the deadline to file dispositive motions is June 2, 2021.

**IT IS FURTHER ORDERED** that the Warden at Marion Correctional Institution shall ensure that Plaintiff receives all legal mail from this Court.

The Clerk is respectfully instructed to reinstate this action.

The Clerk is also respectfully instructed to mail a copy of this Order to the Warden at Marion Correctional Institution.

7

**IT IS SO ORDERED**.

Signed: March 16, 2021

Martin Reidinger
Chief United States District Judge