# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-00020-MR

| | |
|---|---|
| TERRANCE L. JAMES-BEY, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| KENNETH LASSITER, et al., ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the following motions filed by Plaintiff:

(1) Motion to Add Defendant [Doc. 80];

(2) Motion of Discovery [Doc. 81];

(3) Motion to Appoint Counsel Assistance [Doc. 82];

(4) Motion to Appoint Pro Se Settlement Counsel "WDNC Pro Se Settlement Program;" [Doc. 83]; and

(5) "Emergency Injunction" [Doc. 84].

Pro se Plaintiff Terrance L. James-Bey, a North Carolina inmate currently incarcerated at Marion Correctional Institution ("Marion"), filed this action on January 22, 2019, pursuant to 42 U.S.C. § 1983, naming thirteen Defendants. [Doc. 1]. In the original Complaint, Plaintiff, who identifies

himself as a "free born Moor," alleged that he was assigned to Marion's Rehabilitative Diversion Unit (RDU) and that Marion officials confiscated both his personal property (including religious property) and legal papers in retaliation for Plaintiff's complaints against Defendants related to their alleged mistreatment of him based on his religion. On initial review of Plaintiff's Complaint, the Court ordered Plaintiff to amend his Complaint to save it from dismissal. [Doc. 18]. Plaintiff's Amended Complaint survived initial review as to Plaintiff's claim against Defendants Lassiter, Corpening, Hamilton, Barker, and Bond regarding the conduct of disciplinary hearings. The remaining Defendants and claims were dismissed. [Id.]. Plaintiff has brought several motions for emergency injunctive relief, all of which have been denied. [Docs. 6, 7, 9, 23, 24, 26, 27, 59, 60; see Docs. 73, 74, 75]. On March 16, 2020, the Court entered a Pretrial Order and Case Management Plan (PTOCMP) which set the deadline to join or add parties as April 30, 2020. [Doc. 57].

Recently, the Court dismissed this action for Plaintiff's failure to prosecute based on numerous instances of the Court's mail to Plaintiff being returned as undeliverable on Plaintiff's refusal to accept it. [Doc. 66]. The Court, thereafter, on Plaintiff's motion, reopened this case on Plaintiff's claims that he never received the returned mail and "not once … ever

2

abandoned this case." [Docs. 76, 79].  In its Order reinstating this case, the Court set the discovery deadline as May 3, 2021 and the dispositive motions deadline as June 2, 2021.  [Doc. 79].

Now, Plaintiff files several motions with the Court.  Plaintiff moves to add Kimberly Grande, identified as the "Executive Director of the NC-DPS, DAC, Inmate Grievance Resolution Board," as a Defendant in this matter "due to [her] liability and direct knowledge and/or involvement."  [Doc. 80]. The Plaintiff's motion will be denied.  The deadline to add parties expired on April 30, 2020, before this action was dismissed for Plaintiff's failure to prosecute.  [Doc. 57].  Moreover, Plaintiff presents no grounds to allow a Defendant to be added at this stage of the proceedings.

Plaintiff has also filed a "Motion of Discovery," in which Plaintiff propounds a discovery request on the Court.  [See Doc. 81].  This motion will also be denied.  Discovery requests should not be filed with the Court. Discovery materials should only be exchanged between the parties.  Any future discovery requests must be served on the opposing party.

Next, Plaintiff moves for the appointment of counsel.  [Doc. 82]. Specifically, Plaintiff requests "to have assistance of counsel appointed to help research and prepare documents and materials in lieu of a trial, and further request said independent counsel NOT be associated with the N.C.

3

Prison Legal Services [NCPLS]." [Id.]. Plaintiff explains that the NCPLS and its attorneys, "was funded by the NC-DOC/DPS, DAC, and such evidence of that bias relationship still exist as proven by the attached letter, showing incompetence and ineffectiveness; and has sought to actively undermine my legal endeavors, and protect defendants from liability."[1] [Id. (errors uncorrected)]. A plaintiff must present "exceptional circumstances" to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff here has not presented exceptional circumstances that justify appointment of counsel. Plaintiff's motion to appoint counsel, therefore, will be denied.

Plaintiff has also filed a "Motion to Appoint Pro Se Settlement Counsel 'WDNC Pro Se Settlement Program.'" [Doc. 83]. In this motion, Petitioner "appl[ies] to participate in the 'W.D.N.C. Pro Se Settlement Assistance Program." [Id.]. This motion will be denied because, as Plaintiff has been previously advised [Doc. 53], this program does not apply to prisoner civil rights cases.[2]

---

[1] The referenced letter was from the NCPLS to Plaintiff responding to Plaintiff's request for assistance from the NCPLS. The letter is thorough, appropriate, and evinces no bias whatsoever. [See Doc. 82 at 3].

[2] The Court notes, however, that if this matter survives summary judgment it will request the consent of the parties to hold a judicial settlement conference pursuant to Local Civil

4

Finally, Plaintiff has filed an "Emergency Injunction." [Doc. 84]. Plaintiff requests the Court to "issue an Emergency Injunction prohibiting Defendants attempts at censoring [Plaintiff's] Out-Going legal [mail]." [Id. at 2]. Plaintiff claims that "Defendants will only label this Out-Going legal mail as 'SRG material' and initiate internal disciplinary proceedings and impose monetary fines." [Id.]. Plaintiff states that, on March 19, 2021, the day he received the Court's Order reinstating this case, he was ordered "by Defendants to submit to a[ ] '[Security Risk Group (SRG)] search[,]' which was only a search of [his] legal materials." [Id. at 1]. He also claims that a few days later two non-Defendant correctional officers at Marion informed Plaintiff that he would have to open the legal mail he had submitted the previous evening for inspection before it would be mailed. [Id.]. As noted, Plaintiff has previously sought and been denied injunctive relief six times in this case [Docs. 6, 7, 9, 23, 24, 26, 27, 59, 60, 73, 74, 75]. He has been repeatedly advised of the requirements for injunctive relief. [See Doc. 27 at 2-3]. He has again failed to meet these requirements. Plaintiff claims that Defendants improperly ordered him to submit to an SRG search of his mail and asks this Court to prohibit Defendants from censoring Plaintiff's outgoing

---

Rule 16.3(d) in an effort to settle this matter without a trial.

legal mail. The relief Plaintiff requests does not relate to the instant lawsuit. Rather, the only claim in Plaintiff's Amended Complaint that survived initial review was a due process claim related to the conduct of disciplinary proceedings against Plaintiff. [Doc. 28]. It is not within the Court's purview to order the relief sought by Plaintiff under these circumstances. Furthermore, several of the Defendants in this case would not be involved in Plaintiff's mail. Moreover, when reinstating this action, the Court ordered the Warden at Marion to ensure that Plaintiff receives all legal mail "to avoid future mishaps or malfeasance relative to Plaintiff's legal mail." [Doc. 79 at 6]. Since that Order, the Court received all of Plaintiff's motions that are before the Court now. As such, any concerns Plaintiff has about his legal mail being withheld from the Court are unfounded at this point. The Court will, therefore, deny Plaintiff's motion for an emergency injunction.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motions [Docs. 80, 81, 82, 83, 84] are **DENIED**.

**IT IS SO ORDERED**.

Signed: April 2, 2021

Martin Reidinger
Chief United States District Judge