# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-00020-MR

| | |
|---|---|
| TERRANCE L. JAMES-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| KENNETH LASSITER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Assistance of Counsel [Doc. 87]; "Motion for Partial Judgment and Preliminary Hearing," which the Court construes as a motion for a preliminary injunction [Doc. 88]; and Motion to Compel Discovery [Doc. 89].

Pro se Plaintiff Terrance L. James-Bey, a North Carolina inmate currently incarcerated at Bertie Correctional Institution ("Bertie CI") in Windsor, North Carolina. He filed this action on January 22, 2019, pursuant to 42 U.S.C. § 1983, naming thirteen Defendants. [Doc. 1]. In the original Complaint, Plaintiff, who identifies himself as a "free born Moor," alleged that he was assigned to Marion Correctional Institution's ("Marion CI") Rehabilitative Diversion Unit (RDU) and that Marion CI officials confiscated both his personal property (including religious property) and legal papers in

retaliation for Plaintiff's complaints against Defendants related to their alleged mistreatment of him based on his religion. On initial review of Plaintiff's Complaint, the Court allowed Plaintiff to amend his Complaint in an attempt to save it from dismissal. [Doc. 18]. Plaintiff's Amended Complaint survived initial review as to Plaintiff's claim against Defendants Lassiter, Corpening, Hamilton, Barker, and Bond regarding the conduct of disciplinary hearings. The remaining Defendants and claims were dismissed. [Id.]. Plaintiff has brought several motions for injunctive relief, all of which have been denied. [Docs. 6, 7, 9, 23, 24, 26, 27, 59, 60, 84, 85; see Docs. 73, 74, 75].

Previously, the Court dismissed this action for Plaintiff's failure to prosecute based on numerous instances of the Court's mail to Plaintiff being returned as undeliverable on Plaintiff's refusal to accept it. [Doc. 66]. The Court, thereafter, on Plaintiff's motion, reopened this case based on Plaintiff's assertion that he never received the returned mail and "not once … ever abandoned this case." [Docs. 76, 79]. In its Order reinstating this case, the Court set the discovery deadline as May 3, 2021 and the dispositive motions deadline as June 2, 2021. [Doc. 79]. Plaintiff has since been transferred to Bertie CI. [Doc. 86].

Plaintiff now moves for "partial judgment and preliminary hearing,"

claiming that "Defendants have been using SRG staff to intercept and destroy plaintiff's OUT-GOING legal documents to prevent continued litigation." [Doc. 88]. Plaintiff requests a hearing so that he may call witnesses, "[a]s this is an ongoing and constant repeated issue."[1] [Id.]. The Court construes this motion as one for preliminary injunctive relief.

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.

---

[1] It appears that Plaintiff's pending motions were sent with a return address of another inmate, John Steven Hardin, who does not have any matters pending in this Court. Plaintiff's name appears nowhere on the transmitting envelopes. [See Docs. 87-1, 88-1, and 89-1]. These motions are the first pieces of mail the Court has received from Plaintiff since he was transferred to Bertie CI. The Court, therefore, cannot speculate whether Plaintiff's mail would have reached the Court had Plaintiff used his own name on the return address.

3

Case 1:19-cv-00020-MR   Document 90   Filed 04/26/21   Page 3 of 7

Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009).

Plaintiff's motion for preliminary injunctive relief fails. The relief Plaintiff requests does not relate to the instant lawsuit, which arises out of the conduct of disciplinary proceedings at Marion CI. Here, Plaintiff seeks injunctive relief against "SRG staff" at Bertie CI related to conduct wholly distinct from that in the instant lawsuit. It is not within the Court's purview in this case to order the relief sought by Plaintiff under these circumstances. Rather, to the extent the confiscated documents consist only of Plaintiff's filings in this matter, Plaintiff's remedy is first with the internal prison grievance system, not with this Court.[2] To the extent, however, that the missing legal documents include evidence that Plaintiff intends to introduce at the trial in this matter, Plaintiff may also raise the issue at the final pretrial conference in this case. The Court will address the matter then. The Court will, therefore, deny Plaintiff's request for injunctive relief without prejudice to Plaintiff seeking to address the matter at the final pretrial conference, if appropriate.

---

[2] The Court will, however, direct that a copy of this Order be sent to the Warden of Bertie CI so that he/she can ensure that Plaintiff's legal mail is not being hindered in any way, as such conduct may give rise to a claim under the First Amendment for denial of access to the courts. See Lewis v. Casey, 518 U.S. 343, 351 (1996). Moreover, such conduct, were it to occur, may constitute criminal obstruction of justice.

Plaintiff also moves for the appointment of "independent counsel." [Doc. 87]. As grounds, Plaintiff states he needs counsel "to assure continued litigation of this matter" "[d]ue to Defendants confiscation and destruction of [Plaintiff's] legal mail" and Plaintiff's "history with NC – Prison Legal Service undermining [his] legal endeavors and denying services and assistance."[3] [Doc. 87]. A plaintiff must present "exceptional circumstances" to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff here has presented nothing to show that the limited representation of NCPLS constitutes any sort of exceptional circumstances that justify appointment of other counsel. In addition, despite Plaintiff's claims that his legal mail is being obstructed, he has filed well more than his fair share of motions and requests for relief in this case. The Court also expects that providing a copy of this Order to the Warden at Bertie CI will remedy any lingering problems with Plaintiff's legal mail. Plaintiff's motion to appoint counsel, therefore, will be denied.

Plaintiff has also filed a "Motion to Compel Discovery." This document,

---

[3] The Court previously addressed Plaintiff's claims of bias against the North Carolina Prison Legal Services, which were completely unfounded. [See Doc. 82, Doc. 85 at 3-4].

however, is actually a Request for Production of Documents. As Plaintiff has done previously, he has simply propounded a discovery request on the Court. [See Doc. 89]. This motion will also be denied. As Plaintiff was recently admonished [Doc. 85], discovery requests should <u>not</u> be filed with the Court. Discovery materials should be exchanged between the parties only. **<u>Any future discovery requests that Plaintiff files with the Court that are not the subject of a proper motion to compel will be summarily stricken from the record in this matter</u>**.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motions [Docs. 87 and 89] are **DENIED** and Plaintiff's motion [Doc. 88] is **DENIED without prejudice** in accordance with the terms of this Order.

The Clerk is respectfully instructed to mail Plaintiff a copy of Docket No. 85 to the address listed for Plaintiff in the docket in this matter, as it appears from the docket that Plaintiff may not have received this Order before being transferred to Bertie Correctional Institution.

The Clerk is also respectfully instructed to mail a copy of this Order to the Warden at Bertie Correctional Institution so that he/she can ensure no future issues with Plaintiff sending or receiving legal mail.

**IT IS SO ORDERED**.

Signed: April 26, 2021

Martin Reidinger
Chief United States District Judge